## Hirsh's Trust

216

218

222

224

*William Carson Bodine,* for exceptants.

*Theodore G. Rich,* contra.

LADNER, J., January 21, 1938.—After a careful examination of the record, adjudication, and briefs, we have come to the conclusion that the auditing judge did not err in giving full effect to the settlor's repeated expressions in his deed of his desire to do equality among his children.

Where a formula is evidently intended to bring about equality of distribution among a settlor's children, and a literal interpretation thereof would defeat such purpose, it should be rejected in favor of an interpretation in harmony with the settlor's intent. This seems to have been done in cases where there existed only a presumption of equality, as in Schrenk's Estate, 22 D. & C. 322, and Petty's Estate (No. 1), 311 Pa. 362. In Kemble's Estate, 19 Dist. R. 635, 637, Judge Penrose said: "The presumption in favor of equality is so strong that all doubts will be resolved by it."

Here we have more than a mere presumption of equality; we have the settlor's clearly expressed desire "that

his children be treated fairly and equally in the disposition of his property." Circumstances unforeseen, or arising subsequently, which convert a formula intended to do equality into one of inequality must not be permitted to defeat the settlor's primary intent.

The settlor as to Pauline Slutzker and G. Gould Hirsh by express language directed that from their respective shares should be deducted "the amount which [they] may be entitled to have held for [their] use and benefit, or which [they] or [their] issue may be entitled to receive, as the case may be, under the provisions of the Will of said Sarah E. Hirsh, and said Trustees shall set up the amount which may remain after such deduction, out of" the corpus of the trust estate. Neither the auditing judge nor we can at this time fairly say that Pauline and Gould have received *nothing* under the Sarah E. Hirsh will, for that is to ignore the very substantial share which they might some day receive. True it is contingent but it may yet vest. The settlor might have directed the deduction of any amount which the two children mentioned would receive from Sarah E. Hirsh *at her death.* His refraining from such or similar language may be significant. It may be that the deduction of the contingent amounts would entirely satisfy the language of the settlor in light of the settlor's primary intent to do equality. But we (and the auditing judge agrees with us) see no actual need to decide that question now. Therefore we hold that at this time and under the circumstances as they now exist, the amounts which Pauline and Gould may ultimately receive should for the present be deducted from their respective shares, as the auditing judge has done, so that Edith Myers may receive the benefit of the income therefrom, with leave to exceptants to make future application to the court to reset the Edith Myers share of the trust if and when Robert receives the payment from the principal under his grandmother's will, or if and when he dies leaving issue in whom the Sarah E. Hirsh estate will immediately vest.

To the extent herein indicated the adjudication is modified. The exceptions are dismissed and the adjudication as herein modified is confirmed absolutely.